Neil B. Klein, SBN 142734
Maria del Rocio Ashby, SBN 206282
neilk@mckassonklein.com
mrashby@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone: (949) 724-0200
Fax:    (949) 724-0201

Attorneys for Plaintiff
NYK Bulk & Projects Carriers Ltd

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| NYK BULK & PROJECTS CARRIERS LTD, <br><br> Plaintiff, <br><br> vs. <br><br> DELTA CORP SHIPPING PTE LTD, <br><br> Defendant, <br><br> and <br><br> OVERSEA-CHINESE BANKING CORPORATION, LIMITED, <br><br> Garnishee. | Case No. <br><br> IN ADMIRALTY, Fed. R. Civ. P. 9(h) <br><br> **VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF SUPPLEMENTAL RULE B MARITIME ATTACHMENT AND GARNISHMENT WRIT** |

    NYK Bulk & Projects Carriers Ltd ("NBP" or "Owners") brings this action against Delta Corp Shipping Pte Ltd ("DELTA" or "Charterers") *quasi in rem* pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Procedure ("Supplemental Rule B"), requesting issuance of process of maritime attachment and garnishment, including against Garnishee, and states as follows:

## Jurisdiction and Venue

1. This is an action within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h), for NBP's recovery in damages from DELTA for DELTA's breach of maritime contract, namely, breach of vessel charter party, pursuant to a vessel charter party for the ocean cargo vessel M/V IRON DUKE ("Vessel") between NBP and DELTA as more fully detailed below.

2. Venue is proper in this District because Garnishee can be found in this District and therefore Defendant's property is located in this District.

3. Defendant DELTA cannot be found in this District within the meaning of Supplemental Rule B(1) and LAR B.2.

## The Parties

4. NBP is a company organized under the laws of Japan and at all relevant times chartered the Vessel to Delta according to agreed terms including payment of the agreed amounts that this Verified Complaint demands.

5. DELTA is a Singapore corporation.

6. Garnishee Oversea-Chinese Banking Corporation, Limited is a bank with offices and branch in this District which NBP, on information and belief, reasonably believes holds accounts or property of and/or owing to DELTA.

## Facts

7. Pursuant to the charter party between NBP and DELTA dated May 14, 2024, DELTA agreed to hire the Vessel from NBP for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany.

8. NBP and Delta further amended the charter party June 27, 2024, to reflect the provision of fuels and supplies to the Vessel near Bremen, before finally returning to Bremen for discharge.

9. DELTA redelivered the Vessel to NBP July 7, 2024, however, failed to pay hire and other amounts due to NBP from DELTA as required by and agreed by

1  DELTA in the charter party including the amendment.

2      10. On August 15, 2024, NBP issued to DELTA a Statement of Account for
3  charges due under the Vessel charter party, for USD **602,778.31**.

4      11. Thereafter, after NBP's repeated demand, DELTA responded on
5  September 9, 2024, that it was instead paying NBP USD 593,567.28, however,
6  DELTA never made this promised payment.

7      12. DELTA has failed to pay the amounts it agreed to pay NBP under the
8  charter party as amended, and NBP accordingly has incurred damages from
9  DELTA's breach of contract, as demanded below.

## Specific Allegation - Garnishee

11      13. **Oversea-Chinese Banking Corporation**: NBP has reviewed records,
12  including from independent investigation, showing DELTA has or had accounts
13  held by Oversea-Chinese Banking Corporation, Limited. NBP therefore
14  reasonably believes this Garnishee owes accounts or holds property of DELTA.

## Count I

## Breach of Maritime Contract

17      14. NBP repeats and incorporates the previous paragraphs as though fully
18  set forth herein.

19      15. DELTA breached the charter party and amendment as set out above.

20      16. NBP has suffered damages for DELTA's breach of maritime contract,
21  namely, breach of the charter party and amendment, and demands damages,
22  attorney's fees and costs as set forth more fully below.

## Count II

## Process of Maritime Attachment and Garnishment
## (Supplemental Rule B)

26      17. NBP repeats and incorporates the previous paragraphs as though fully
27  set forth herein.

28      18. NBP seeks issuance of process of maritime attachment and garnishment,

1  in order to obtain payment for the amounts due from DELTA.

2      19. No security for NBP's claims has been posted by DELTA, or anyone
3  acting on its behalf, to date.

4      20. DELTA cannot be found within this District within the meaning of
5  Supplemental Rule B and LAR B.2, but is believed to have, or will have during the
6  pendency of this action, property and/or assets in this jurisdiction consisting of
7  cash, property including intangible property, funds, and/or credits in the hands of
8  one or more garnishees in this District, including the Garnishee.

9      21. NBP therefore respectfully requests the Court to issue writs of maritime
10 garnishment pursuant to Supplemental Rule B as set out below.

## Prayer for Relief

12 WHEREFORE, NBP prays:

13     A. That as DELTA cannot be found within this District, and pursuant to
14 Supplemental Rule B, this Court issue an Order directing the Clerk to issue
15 Process of Maritime Attachment and Garnishment in the amount of at least **USD
16 1,052,778.31** (comprising USD 602,778.31 as detailed above, plus maritime
17 prejudgment interest estimated to be at least USD 150,000, plus attorney's fees
18 and costs as provided under English law, in the amount of at least USD
19 300,000)(herein, the "Garnishment Amount");

20     B. That Process provides for the attaching of all tangible or intangible
21 property, or any funds held by any Garnishee, up to the Garnishment Amount;

22     C. That any persons claiming any interest in the property attached by such
23 Process be cited to appear and, pursuant to Supplemental Rule B, answer the
24 matters alleged in this Verified Complaint;

25     D. That this Court enter judgment in favor of NBP and against DELTA in the
26 amount of the Garnishment Amount, and any further interest, costs and attorney's
27 fees and costs beyond the Garnishment Amount;

28     E. That a person over 18-years of age be appointed as moved for herein,

1 | pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of
2 | Maritime Attachment and Garnishment; and

3 |    F. That this Court award NBP such other and further relief that this Court
4 | deems just and proper

5 | Date: September 18, 2024         Respectfully submitted,

6 |

7 |                                  /s/ Neil B. Klein
                                     Neil B. Klein
8 |                                  Maria del Rocio Ashby
                                     McKasson & Klein LLP
9 |                                  Attorneys for Plaintiff NYK Bulk &
10|                                  Projects Carriers Ltd

11|

12|                                  /s/ J. Stephen Simms
                                     J. Stephen Simms
13|                                  Simms Showers LLP
                                     201 International Circle
14|                                  Baltimore, Maryland 21030
                                     443-290-8704
15|                                  jssims@simmsshowers.com
16|                                  [*Pro hac vice* application pending]

# VERIFICATION

## AFFIDAVIT THAT DEFENDANT IS NOT FOUND WITHIN THE DISTRICT

I am a Principal of the law firm Simms Showers LLP, counsel for NBP.

The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information, based upon the records of NBP as made available to me by NBP. NBP's authorized officers are not readily available in this District to make verifications on NBP's behalf, and I am authorized to make this verification on NBP's behalf.

I further certify that, pursuant to Supplemental Rule B and LAR B.2, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District; the search did not disclose a telephone listing or record of any general or resident agent authorized to accept service of process for Defendant in this District. To NBP's knowledge, none of the managers or officers of Defendant are now within this District. Based on a search of the California Secretary of State's business records, Defendant is not incorporated or registered to do business in the State of California, does not maintain an office in the State of California and does not have a registered agent for the receipt of service of process in the State of California.

Pursuant to 28 U.S.C. §1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 18, 2024.

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: 443-290-8704
jssimms@simmsshowers.com