1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

NYK BULK & PROJECTS CARRIERS LTD,

      Plaintiff,

  vs.

DELTA CORP SHIPPING PTE LTD,

      Defendant,

and

OVERSEA-CHINESE BANKING CORPORATION, LIMITED,

      Garnishee.

Case No. CV 24-08006-MRA (SKx)

IN ADMIRALTY, Fed. R. Civ. P. 9(h)

**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

[Fed. R. Civ. P., Supp. Rule B]

    The Court, having reviewed Plaintiff NYK Bulk & Projects Carriers Ltd's *Ex Parte* Application for Issuance of Process of Maritime Attachment and Garnishment and for related relief, together with the Verified Complaint and the attached attorney declaration, the Court concludes that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Procedure ("Supplemental Rule B") appear to exist.  Plaintiff has alleged a prima face admiralty claim against Defendant; Defendant cannot be found in the Central District of California; and no maritime or statutory law

bars the attachment.  *See Equatorial Marine Fuel Mgmt. Servs. Pte v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010).

Taking as true the allegation in the Verified Complaint that Defendant has accounts or property held by Garnishee Oversea-Chinese Banking Corporation Limited, and that Garnishee operates bank offices and a branch in the Central District of California, the Court also finds that property of the Defendant can be found in this District.  *Compare Willis v. Princess Cruise Lines*, 2020 WL 5353984, at *13 (C.D. Cal. May 29, 2020) (defendant's intangible property located in district where detailed allegations showed holding companies had principal places of business in district), *and Australasia Charters Ltd. v. Worldwide Bulk Ship. Pte Ltd.*, 2021 WL 859096, at *1-2 (W.D. Wash. Mar. 8, 2021) (property located within the district where plaintiff alleged and provided proof that garnishee maintained operations there and held accounts owing to defendant), *with Tonzip Mar. Ltd. v. Coral Energy Pte Ltd.*, No. 23-CV-02283-DJC (AC), 2023 WL 7092880 (E.D. Cal. Oct. 26, 2023) (plaintiff's sole allegation that defendant bank maintained an agent for service in district insufficient to show defendant's property would be located there).

It is therefore:

**ORDERED**, that the Clerk of this Court is authorized to issue pursuant to Supplemental Rule B, as detailed in the Verified Complaint, Process of Maritime Attachment and Garnishment for all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, and said Order being equally

applicable with respect to the issuance and service of additional writs of maritime attachment and garnishment upon any garnishees in this District not named herein; and it is further,

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the garnishment or attachment should not be vacated or other relief granted; and it is further,

**ORDERED**, that supplemental or further writs of maritime attachment and garnishment may be issued by the Clerk upon application without further Order of the Court; and it is further,

**ORDERED**, that following initial service of a writ of maritime attachment and garnishment on any Garnishee, supplemental service of maritime attachment and garnishment writs on that Garnishee and related papers may be made by way of facsimile transmission or email to each such Garnishee; and, it is further,

**ORDERED**, that service on any Garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the Garnishee's business the next business day; and, it is further,

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each Garnishee may consent, in writing, to accept service by any other means; and it is further,

**ORDERED**, that Neil B. Klein of McKasson & Klein LLP, or any third-party process server who is authorized to serve legal process under California law, each over 18 years of age and not a party to the action, is hereby appointed to act as special process server to effect service of the Process of Maritime Attachment and Garnishment and Verified Complaint in this action and to effect service of any supplemental process in this matter, in addition to the United

States Marshal; and it is further,

**ORDERED**, that any property attached or garnished pursuant to this Order may be released from seizure without further order of the Court, as long as the garnishee receives written authorization for the release from the attorney who requested the attachment and garnishment, which written authorization shall state that all parties in the Action have conferred through their counsel and consent to the request for release, and provided that the Court has not entered an order modifying the procedure for release of property attached pursuant to this Order; and it is further,

**ORDERED**, that a copy of this Order be served with each said writ of maritime attachment and garnishment; and, it is further,

**ORDERED** that to afford an opportunity for an expeditious hearing of any objections which might be raised by Defendants, or any Garnishee, a hearing may be set by calling the deputy clerk of the undersigned.

**IT IS SO ORDERED**

Date: September _19_, 2024.

STEVE KIM
United States Magistrate Judge