UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08006-MRA-SK | Date | August 6, 2025 |
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [51]**

Before the Court is Plaintiff's Application for Default Judgment (the "Motion"). ECF 51. The Court read and considered the moving papers and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The August 11, 2025, hearing is therefore **VACATED** and removed from the Court's calendar. For the reasons stated herein, the Court **DENIES** the Motion without prejudice.

## I. BACKGROUND[1]

On September 18, 2024, Plaintiff NYK Bulk & Projects Carriers Ltd. ("Plaintiff" or "NBP") filed its Verified Complaint against Defendant Dela Corp Shipping Pte Ltd ("Defendant" or "Delta") *quasi in rem* pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure for Maritime Attachment and Garnishment ("Supplemental Rule B"). ECF 1 (Compl.).

NBP is a company organized under the laws of Japan and, at all relevant times, chartered an ocean cargo vessel, M/V IRON DUKE (the "Vessel"), to Delta, a Singapore corporation. *Id.* ¶ 1, 4-5. Pursuant to a charter party agreement between NBP and Delta, dated May 14, 2024, Delta agreed to hire the Vessel from NBP for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany. *Id.* ¶ 7. The agreement was amended on June 27, 2024, to reflect the provision of fuels and supplies to the Vessel near Bremen, before finally returning to Bremen for discharge. *Id.* ¶ 8. Delta returned the Vessel to NBP on July 7, 2024, but failed to pay the amounts due to NBP under the charter party. *Id.* ¶ 9. On August 15, 2024, NBP issued a

[1] The factual background is described as alleged in Plaintiff's Verified Complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08006-MRA-SK | Date | August 6, 2025 |
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

Statement of Account to Delta for charges due under the charter party for $602,778.31. *Id.* ¶ 10. On September 9, 2024, Delta responded to NBP's demand, stating that it would pay $593,567.28. *Id.* ¶ 11. However, Delta never made the promised payment. *Id.* As of the filing of the Verified Complaint, Delta has failed to pay the amounts agreed upon under the charter party as amended. *Id.* ¶ 12. On these factual allegations, Plaintiff brings a claim for breach of maritime contract. *Id.* ¶¶ 14-16.

On September 9, 2024, the assigned Magistrate Judge granted Plaintiff's Ex Parte Application for Issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B. ECF 13. Plaintiff served Defendant with the Verified Complaint and Summons on March 19, 2025, at its registered address by a process server of the Supreme Court of Singapore. ECF 35. On April 30, 2025, Plaintiff filed a Request for Entry of Default against Defendant. ECF 40. Following the issuance of a Notice of Deficiency, ECF 42, the Court, upon review, determined that Defendant had been properly served with process, ECF 43. On May 14, 2025, the Clerk entered default against Defendant. ECF 44. Plaintiff served its Request and the Entry of Default on Defendant. ECF 41, 45.

On June 11, 2025, Plaintiff filed its initial Application for Default Judgment. ECF 47. The initial Application was stricken because it was missing hearing information. ECF 50. On June 16, 2025, Plaintiff filed the instant Motion. ECF 51. Plaintiff served Defendant with its Motion by mail at its registered address and by email. ECF 52.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may, upon motion, order default judgment following the entry of default by the Clerk. The rendering of default judgment is committed to the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[D]efault judgments are ordinarily disfavored," and "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). The Ninth Circuit has instructed district courts to consider the following factors in deciding whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962); *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Because allegations as to the amount of damages are not taken as true, "the plaintiff is required to provide proof of all damages sought in the complaint." *PepsiCo*, 238 F. Supp. 2d. at 1175. "When 'proving-up' damages, admissible evidence (including witness testimony) supporting . . . damage calculations is usually required." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

## III. DISCUSSION

This district's Local Rules governing motions practice apply to applications for default judgment. *See* L.R. 7-2. Indeed, the difference between a motion and application "is a purely semantic distinction." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011). Motions must be presented by written notice of motion no later than 28 days before the date set for hearing. L.R. 6-1. The notice must also contain "a concise statement of the relief or Court action the movant seeks." L.R. 7-4. Along with the notice of motion, a moving party must serve and file (a) "[a] brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely" and (b) "[t]he evidence upon which the moving party will rely in support of the motion." L.R. 7-5. The court may decline to consider a motion that fails to comply with these requirements. L.R. 7-4. Further, a separate proposed order must be lodged with any motion or application. L.R. 7-20.

The Local Rules further specify that an application for default judgment must be accompanied by a declaration in compliance with Rule 55(b) that includes the following information:

> (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).

L.R. 55-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08006-MRA-SK | Date | August 6, 2025 |
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

Plaintiff's Motion does not comply with all of the procedural requirements outlined above. The declaration of Plaintiff's counsel does not identify the pleading to which default was entered. *See* L.R. 55-1(b). Although the moving papers include a written notice containing a concise statement of the relief requested, Plaintiff did not supplement the notice with a memorandum of points and authorities in support of the relief requested. *See* L.R. 7-5. As a consequence, Plaintiff did not brief the *Eitel* factors. Further, Plaintiff did not lodge a proposed order. The Court therefore declines to consider the Motion. *See* L.R. 7-4.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Default Judgment is **DENIED without prejudice**. The Court further **ORDERS** as follows:

1. Plaintiff shall renew its Motion within **30 days** of the date of this Order.

2. The Motion shall be accompanied by a detailed memorandum of points and authorities analyzing the applicable legal standards, including those described herein, in order to properly support the relief requested.

3. Plaintiff shall file proof of service of the renewed Motion on Defendant within **10 days** of filing the Motion.

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk mku