Neil B. Klein, CA Bar No. 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, SBN 206282
mrashby@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:  (949) 724-0200

J. Stephen Simms (Admitted *Pro Hac Vice*)
jssimms@simmsshowers.com
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Phone: (443) 290-8704

*Attorneys for NYK Bulk & Projects Carriers Ltd*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NYK Bulk & Projects Carriers Ltd,<br><br>        Plaintiff,<br><br>v.<br><br>Delta Corp Shipping Pte Ltd,<br><br>        Defendant,<br><br>and<br><br>Oversea-Chinese Banking Corporation, Limited<br><br>        Garnishee. | Case No. 24-cv-8006-MRA-SK<br><br>IN ADMIRALTY, Fed. R. Civ. P. 9(h)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NYK BULK &PROJECTS CARRIERS LTD'S RENEWED MOTION FOR DEFAULT JUDGMENT**<br><br>**NOTICED FOR HEARING MONDAY, OCTOBER 20, 2025 AT 1:30 PM** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page No.**

Table of Contents                                                    2

Table of Authorities                                                 3

I.  Factual and Procedural Background                                5

II. Legal Standard                                                   7

III. Default Judgment is Warranted Against Delta                     8

IV. *Eitel* Factors Weigh in Favor of Default Judgment              10

    1.    The Possibility of Prejudice to the Plaintiff        10

    2.    The Merits of Plaintiff's Substantive Claim          11

    3.    Sufficiency of the Complaint: Claims in the
           Complaint are Sufficiently Alleged and Have
           Merit                                                11

    4.    Sum of Money at Stake in the Action                  13

    5.    No Dispute Concerning Material Facts                  14

    6.    Default Not Due to "Excusable" Neglect               14

    7.    Policy Favoring Decision on the Merits               15

    8.    Balance of *Eitel* Factors Favors Default
           Judgment                                             15

V. Damages                                                          16

VI. Conclusion                                                      16

1

# TABLE OF AUTHORITIES

2

**<u>Cases</u>**                                                                                                  **<u>Page No.</u>**

3

4

*Abu-Assal v. Abu-Assal,* 20 WL11508162
(C.D. Cal. 2010)……………………………………………………            11

5

6

*Aldabe v. Aldabe,* 616 F. 2d 1089 (9th Cir. 1980)………….            8

7

*Craigslist, Inc. v. Naturemarket, Inc.,* 694 F. Supp. 2d
1039 (N.D. Cal. 2010)……………………………………………..            15

8

9

*Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986)…………….            8, 10, 11, 13, 15

10

11

*Fair Hous. Of Marin v. Combs*, 285 F.3d 899
(9th Cir. 2002)………………………………………………………            7, 11, 16

12

13

*Horowitz v. Sekey Grp.,* 2021 WL 8759089 (C.D. Cal. 2021)………………………………………………………………...            16

14

15

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999)………………………            8

16

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp.2d 916 (C.D. Cal. 2010)……………………………………            12

17

18

*Liu Hongwei v. Velocity V Ltd. Partnership,* 2018 WL 3414053 (C.D. Cal. 2018)……………………………………………            13

19

20

*Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.,* 2020 WL 7227199 (N.D. Cal. Dec. 8, 2020)……………….            10

21

22

*Pepsico, Inc. v. Cal. Sec. Cans,* 238 F.Supp. 2d 1172…….            11, 13, 15

23

*Philip Morris USA v. Castworld Prods.,* 219 F.R.D. 494
(C.D. Cal. 2003)………………………………………………………            8, 14, 16

24

25

*Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995 (N.D. Cal. 2001)……………………………………            15

26

27

28

*Solaria Corp. v. T.S. Energie e Risorse, S.R.I.,* 2014 WL
7205114 (N.D. Cal. 2014)……………………………………    14

*TeleVideo Systems, Inc. v. Heindenthal*, 82 F.2d 915
(9th Cir. 1987)………………………………………………    8

*Vogel v. Rite Aid Corp.,* 992 F. Supp 2d 998
(C.D. Cal. 2014)……………………………………………    11, 14

## **Statutes**

Fed. R. Civ. P. 9(h)…………………………………………    9

Federal Rule of Civil Procedure 55………………………...    7, 9, 15

Federal Rule of Civil Procedure 62(a)……………………..    7, 16

Local Rule 55-1……………………………………………    9

Servicemembers Civil Relief Act…………………………….    9

Pursuant to this Court's Order (ECF 55), Plaintiff NYK Bulk & Projects Carriers Ltd. hereby submits the following Memorandum in Support of NYK Bulk Project Carriers Ltd.'s Renewed Motion for Default Judgment and in support states as follows:

## I.    Factual and Procedural Background

On September 18, 2024, Plaintiff NYK Bulk & Projects Carriers Ltd. ("Plaintiff" or "NBP" or "NYK Bulk") filed its Verified Complaint against Defendant Delta Corp Shipping PTE Ltd. ("Defendant" or "Delta") *quasi in rem*, pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure for Maritime Attachment and Garnishment.   ECF 1 (Verified Complaint).

NBP is a company organized under the law of Japan and, at all relevant times, chartered an ocean cargo vessel, M/V IRON DUKE (the "Vessel"), to Delta. *Id*. at ¶ 4 Delta is a Singapore corporation.  *Id*. at ¶ 5.

Pursuant to a charter party agreement between NYK Bulk and Delta dated May 14, 2024, Delta agreed to hire the Vessel from NYK Bulk for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany.  *Id*. at ¶ 7.  The agreement was amended on June 27, 2024, to reflect the provision of fuels and supplies to the Vessel near Bremen, before finally returning to Bremen for discharge.  *Id.* at ¶ 8.  Delta returned the Vessel to NYK Bulk on July 7, 2024, but failed to pay the amounts due to

Plaintiff under the charter party terms. *Id*. ¶ 9. On August 15, 2024, NYK Bulk issued a Statement of Account to Delta for charges under the charter party for $602,778.31. *Id*. at ¶ 10. On September 9, 2024, Delta responded to NBP's demand stating that it would pay $593,567.28. *Id*. at ¶ 11. However, Delta never made the promised payment. *Id*. As of the filing of the Verified Complaint, Delta had failed to pay the amount agreed upon under the charter party as amended. *Id*. at ¶ 12. On the foregoing facts, Plaintiff brings a claim for breach of maritime contract. *Id.* at ¶ 14-16.

On September 9, 2024, this Court granted Plaintiff's *ex parte* Application for Issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B. ECF 13. Plaintiff served Defendant with the Verified Complaint and Summons at its registered address by a process server of the Supreme Court of Singapore on March 19, 2025. ECF 35. On April 30, 2025, Plaintiff filed a Request for Entry of Default against Defendant. ECF 40. This Court issued a Notice of Deficiency, ECF 42, but upon review, determined that Defendant had been properly served with process. ECF 43. On May 14, 2025, the Clerk entered default against Delta. ECF 44. Plaintiff served its request for entry of default on Defendant. ECF 41, 45.

On June 11, 2025, Plaintiff filed its initial Application for Default Judgment. ECF 47. The initial application was stricken because it was

missing hearing information.  ECF 50.  On June 16, 2025, NYK refiled.  ECF 51.  On July 22, 2025, NYK filed its application for order granting NYK's Application and two proposed orders.  ECF 53, ECF 53-1, ECF 53-2.  On August 6, 2025, this Court entered its order (ECF 55) denying, without prejudice, Plaintiff's Application for Default and ordering that: (1) Plaintiff renew its Motion within 30 days of the date of the Order; (2) the Motion shall be accompanied by a detailed memorandum of Points and Authorities analyzing the applicable legal standards including those described in the Court's Order (ECF 55); and (3) Plaintiff must file proof of service of the renewed Motion on Defendant within 10 days of filing the Motion.

## II.   Legal Standard

Federal Rule of Civil Procedure 55 authorizes the Court to enter default judgment in plaintiff's favor when the Clerk has previously entered a defendant's default, as this Court has already done. Fed. R. Civ. P. 55(b)(2). Federal Rule of Civil Procedure 62(a) allows this Court to order that enforcement proceedings are not stayed.  Fed. R. Civ. P. 62(a) provides:

> (a) **Automatic Stay**. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, <u>unless the court orders otherwise</u>.

Fed. R. Civ. P. 62(a) (emphasis added).

At the default judgment stage, all well-pled allegations in the complaint regarding liability are taken as true, except with respect to damages.  *Fair*

*Hous. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *see also Philip Morris USA v. Castworld Prods.,* 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments"), and *TeleVideo Systems, Inc. v. Heindenthal*, 82 F.2d 915, 917 (9th Cir. 1987) (on entry of default, well-pled complaint allegations deemed true).   The district court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe,* 616 F. 2d 1089, 1092-93 (9th Cir. 1980).

The Ninth Circuit has directed that district courts consider the following factors in exercising discretion as to entry of default judgment: (1) merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the possibility of a dispute concerning material facts; (4) whether default was due to excusable neglect; (5) the possibility of prejudice to plaintiff if the motion is denied; (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits; and (7) the sum of money at stake in the action. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("*Eitel* factors"). In applying the discretionary standard, "default judgments are more often granted than denied." *Philip Morris,* 219 F.R.D. at 498.

## III.   Default Judgment is Warranted Against Delta

When entry of judgment is sought against a party who failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.  *In re Tuli*, 172 F.3d

707, 712 (9ᵗʰ Cir. 1999). The Court has subject matter over this action under 28 U.S.C. §1333, which vests District Courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction," and this is an admiralty or maritime claim within Fed. R. Civ. P. 9(h) for NBP's recovery in damages from Delta for Delta's breach of maritime contract, namely, breach of vessel charter party between NBP and Delta for the ocean cargo vessel M/V IRON DUKE.

The service and notice requirements were also satisfied. This Court determined that Defendant had been properly served with process. ECF 43.

Local Rule 55-1 provides that an application for default judgment must be accompanied by a declaration stating: (1) when and against what party the default was entered; (2) identifying the pleading to which default was entered; (3) whether defaulting party is an infant or incompetent person ; (4) that the Servicemembers Civil Relief Act does not apply; and (5) confirming notice was served on defaulting party, if required by Fed. R. Civ. P. 55(b)(2). Plaintiff has satisfied the requirements of Local Rule 55-1. Pursuant to the Declaration of J. Stephen Simms (the "Simms Declaration"), attached as Ex. 1 hereto. The accompanying Simms Declaration states the Court entered an Order (Dkt. 43) for the entry of default against Defendant Delta Corp. Shipping PTE Ltd. and that the Clerk entered Defendant Delta Corp. Shipping PTE Ltd's default on the Verified Complaint (Dkt. 44) on May 14,

2025.  The accompanying Simms Declaration further states that the defaulting defendant, Delta Corp Shipping PTE Ltd., is not, on information and belief, an infant, incompetent person, or presently engaged in military service, therefore the Servicemembers Civil Relief Act does not apply. The Simms Declaration further confirms that notice was served on the defaulting party.  This Court further found in its order that Plaintiff has served its request for default and entry of default on Defendant.  ECF 41, 45.  In its order giving leave for NYK to renew its Motion (Application), the Court specifically ordered NYK to file a proof of service of the instant Renewed Motion and supporting documents within 10 days of filing of the instant Renewed Motion which NYK will fully comply with.

## IV.    *Eitel* Factors Weigh in Favor of Default Judgment

### 1. The Possibility of Prejudice to the Plaintiff

"A plaintiff who is denied a default judgment and is subsequently left without any other recourse for recovery has a basis for establishing prejudice." *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.,* 2020 WL 7227199, at *6 (N.D. Cal. Dec. 8, 2020).

In this case, Plaintiff was forced to file this action after Defendant failed to pay pursuant to the parties' charter party agreement. Plaintiff has incurred substantial costs to do so.  If default judgment is denied, Delta's refusal to participate in the case will have the effect of denying Plaintiff the opportunity

to obtain judicial resolution of its claim. *Vogel v. Rite Aid Corp.,* 992 F. Supp 2d 998, 1007 (C.D. Cal. 2014) (plaintiff would suffer prejudice absent entry of default judgment); *Abu-Assal v. Abu-Assal,* 20 WL11508162, at *2 (C.D. Cal. Feb. 8, 2010) (default judgment where defendant fled country to evade family law court obligations; plaintiff would be significantly prejudiced if motion denied).  Under these circumstances, Plaintiffs will suffer prejudice if default judgment does not issue. This *Eitel* factor weighs in favor of default judgment.

### 2.  The Merits of Plaintiff's Substantive Claim

As the Court must accept the factual allegations as true in deciding a motion for default judgment, Plaintiff pled a meritorious claim for breach of charter party contract.  Based on the above, Plaintiff has properly asserted a meritorious claim for breach of contract, and this factor favors granting default judgment.

### 3.  Sufficiency of the Complaint: Claims in the Complaint are Sufficiently Alleged and Have Merit

Upon entry of default, as this Court indicates in its order (ECF 55, fn. 1), all well-pled allegations in the complaint regarding defendant's liability are taken as true, except with regard to damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). *Eitel* factors 1 and 2 require that plaintiff "state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec.*

1
2
3
4
5

*Cans,* 238 F.Supp. 2d 1172, 1175. The Court "must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010).

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Verified Complaint details a claim for breach of contract against Defendant. It alleges, pursuant to a charter party agreement between NYK Bulk and Delta dated May 14, 2024, Delta agreed to hire the Vessel from NYK Bulk for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany.  Verified Complaint (ECF 1) at ¶ 7.  The agreement was amended on June 27, 2024, to reflect the provision of fuels and supplies to the Vessel near Bremen, before finally returning to Bremen for discharge. *Id.* at ¶ 8.  Delta returned the Vessel to NYK Bulk on July 7, 2024, but failed to pay the amounts due to Plaintiff under the charter party terms. *Id.* ¶ 9.  On August 15, 2024, NYK Bulk issued a Statement of Account to Delta for charges under the charter party for $602,778.31. *Id.* at ¶ 10.  On September 9, 2024, Delta responded to NBP's demand stating that it would pay $593,567.28. *Id.* at ¶ 11. However, Delta never made the promised payment. *Id.* As of the filing of the Verified Complaint, Delta has failed to pay the amount agreed upon under the charter party as amended.  *Id.* at ¶ 12.  On the foregoing facts, NYK brings a claim for breach of maritime contract. *Id.* at ¶ 14-16

### 4. Sum of Money at Stake in the Action

The court considers the amount of money at stake in relation to the seriousness of defendant's conduct. *Pepsico, Inc.*, 238 F. Supp. 2d at 1176. This factor does not impede default judgment as long as potential damages are "proportional to the harm alleged." *Liu Hongwei v. Velocity V Ltd. Partnership,* 2018 WL 3414053, at *8 (C.D. Cal. Jul. 11, 2018) (damage of $4m justified).  NBP initially issued to Delta a Statement of Account for charges due under the Vessel charter party, for USD $602,778.31 in damages for breach of the charter party.  As explained in the sworn affidavit of Goro Yamamoto (Yamamoto Affidavit, Exhibit 2 hereto), which accompanies this Motion for Default and Memorandum of Points and Authorities, in May 2025, a payment was made to the account of USD 325,125.65 which reduced the amount owed by Delta.  *See* Yamamoto Affidavit, ¶ 7 and Exhibit A thereto.

Plaintiff now seeks **USD 357,650.27** (Vessel Charter Party hire and related amounts of USD $314,989.47 and attorneys' fees and costs of at least USD $42,660.80).  This amount is appropriate and proportional to Defendant's failure to pay amounts due and owing under the Charter Party, forcing Plaintiff to file this lawsuit and incur substantial legal costs and business disruption.  This *Eitel* factor favors default judgment.

### 5.  No Dispute Concerning Material Facts

By defaulting, defendant "is deemed to have admitted the truth of Plaintiff's averments." *Philip Morris,* 219 F.R.D. at 499. Based on Delta's failure to appear, this Court should infer the absence of the possibility of a dispute of material fact.  *See* e.g., *Solaria Corp. v. T.S. Energie e Risorse, S.R.I.,* 2014 WL 7205114, at *3 (N.D. Cal. Dec. 17, 2014) (court can infer "absence of the possibility of a dispute concerning material facts" from defendants' failure to appear).

The absence of a dispute over material facts is also established if there is a properly-pled complaint and defendant fails to oppose the request for entry of default; in that event, "no factual dispute exists that would preclude entry of default judgment." *Vogel v. Rite Aid Corp*., 992 F. Supp 2d 998, 1012-13 (C.D. Cal. 2014).  Indeed, Defendant has failed to appear altogether in this case.  Accordingly, this factor weighs in favor of default judgment.

### 6. Default Not Due to "Excusable" Neglect

There is no possibility of a dispute concerning material facts as to defendant and whether default was due to excusable neglect. Plaintiff served defendant Delta with its request for default (ECF 41), with the Court's Order for the Clerk to enter default (ECF 45), its first application for entry of default (ECF 48), and its refiled application for default (ECF 52).  Despite this, Delta has failed to appear or respond.  Pursuant to this Court's Order (ECF 55), a

copy of this Renewed Motion for Default and all supporting documents will be served as set forth in the notice of service.  On these facts, there is no possibility default was due to excusable neglect.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (factor favors default judgment if defendant properly served with complaint, request for entry of default and request for default judgment).

### 7. Policy Favoring Decision on the Merits

The Ninth Circuit acknowledges cases should be decided on the merits "whenever reasonably possible." *Eitel*, 782 F. 2d at 1472. This factor appears to weigh against entry of default judgment, but it is not dispositive. *PepsiCo, Inc. v. Cal. Sec. Cans,* 283 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (Rule 55(b) demonstrates "this preference, standing alone, is not dispositive"). This is true where a defendant fails to defend the action or to challenge the entry of default, making decision on the merits "impractical, if not impossible." *Id.*; *Craigslist, Inc. v. Naturemarket, Inc.,* 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

This factor is likely neutral in this case, since Defendant had an opportunity to have the suit decided on the merits but chose not to take it. Indeed, Defendant has failed to defend the action at all.

### 8. Balance of *Eitel* Factors Favors Default Judgment

As set out above, the balance of the *Eitel* factors weigh in favor of

default judgment on Plaintiff's claim.

## V.    DAMAGES

At the default judgment stage, all well-pled allegations in the complaint regarding liability are taken as true, except with respect to damages. *Fair Hous. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Plaintiffs must therefore prove the damages sought in the Complaint. *Horowitz v. Sekey Grp.,* 2021 WL 8759089, at *1 (C.D. Cal. Nov. 1, 2021) (on default judgment motion plaintiff bears burden of proving damages). Damages may be proven through testimony or written affidavit. *Philip Morris,* 219 F.R.D. at 498.

The sworn affidavit of Goro Yamamoto filed with this Motion establish Plaintiff's damages including attorneys' fees.  Yamamoto Affidavit, ¶¶ 5, 6, 7, 8.

## VI.    CONCLUSION

Plaintiff respectfully requests that the Court enter final judgment by default: (a) against Defendant Delta for **USD $357,650.27** (Vessel Charter Party hire and related amounts of USD $314,989.47 and attorneys' fees and costs of at least USD $42,660.80); and (b) further order that, pursuant to Fed. R. Civ. P. 62(a), proceedings to enforce the judgment are not stayed.

Dated:  September 5, 2025

Respectfully submitted,

/s/ J. Stephen Simms

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

J. Stephen Simms
Admitted *Pro Hac Vice*
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
443-290-8704
jssimms@simmsshowers.com


/s/ Neil B. Klein
Neil B. Klein
Maria del Rocio Ashby
McKasson & Klein LLP

*Attorneys for NYK Bulk & Projects Carriers Ltd*