UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08006-MRA-SK | Date | October 22, 2025 |
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [56]**

Before the Court is Plaintiff's Renewed Application for Default Judgment (the "Motion"). ECF 56. The Court read and considered the moving papers and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The October 27, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **DENIES** the Motion without prejudice.

## I. BACKGROUND[1]

On September 18, 2024, Plaintiff NYK Bulk & Projects Carriers Ltd. ("Plaintiff" or "NBP") filed its Verified Complaint against Defendant Delta Corp Shipping Pte Ltd ("Defendant" or "Delta") *quasi in rem* pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure for Maritime Attachment and Garnishment ("Supplemental Rule B"). ECF 1.

NBP is a company organized under the laws of Japan and at all relevant times charted an ocean cargo vessel M/V IRON DUKE (the "Vessel") pursuant to a vessel charter party between NBP and Delta, dated May 14, 2024. *Id.* ¶¶ 1, 4. Pursuant to the charter party, Delta agreed to hire the Vessel from NBP for carriage of a cargo of Iron Ore Fines from Buchanan, Liberia to Bremen, Germany. *Id.* ¶ 7. The charter party was amended on June 27, 2024, to reflect the provision of fuels and supplies to the Vessel near Bremen, before finally returning to Bremen for discharge. *Id.* ¶ 8. Delta redelivered the Vessel to NBP on July 7, 2024, but failed to pay the amounts due to NBP under the charter party. *Id.* ¶ 9. On August 15, 2024, NBP issued a

[1] The factual background is described as alleged in Plaintiff's Verified Complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08006-MRA-SK | Date | October 22, 2025 |
|---|---|---|---|
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

Statement of Account to Delta for charges due under the charter party for $602,778.31. *Id.* ¶ 10. On September 9, 2024, Delta responded to NBP's demand, stating that it would pay $593,567.28. *Id.* ¶ 11. However, Delta never made the promised payment. *Id.* As of the filing of the Verified Complaint, Delta has failed to pay the amounts agreed upon under the charter party as amended. *Id.* ¶ 12. On these factual allegations, Plaintiff brings a claim for breach of maritime contract. *Id.* ¶¶ 14-16.

On the same day it filed its Complaint, Plaintiff filed an Ex Parte Application for Writ of Garnishment pursuant to Supplemental Rule B, seeking an order authorizing issuance of process of maritime attachment and garnishment for Delta's property held by Garnishee Oversea-Chinese Banking Corporation Limited ("Oversea-Chinese") within this district. ECF 6. On September 19, 2024, the assigned Magistrate Judge granted Plaintiff's Ex Parte Application, determining that the conditions of Supplemental Rule B appear to exist. ECF 13.[2] The court further ordered that "supplemental or further writs of maritime attachment and garnishment may be issued by the clerk upon application without further Order of the Court." *Id.* at 3.

On December 13, 2024, Plaintiff filed a request for the clerk to issue further process of maritime attachment and garnishment to Garnishee Valley National Bank ("Valley"). ECF 25. The Court issued the process of maritime attachment and garnishment on December 16, 2024. ECF 26. On December 30, 2024, Valley filed an answer to the writ of garnishment, asserting that it held certain accounts in which Delta has an interest. ECF 31.

Plaintiff served Delta with the Verified Complaint and Summons on March 19, 2025. ECF 35. On April 30, 2025, Plaintiff filed a Request for Entry of Default against Defendant. ECF 40. Following the issuance of a Notice of Deficiency, ECF 42, the Court, upon review, determined that Defendant had been properly served with the Verified Complaint and Summons, ECF 43. On May 14, 2025, the Clerk entered default against Defendant. ECF 44. Plaintiff served its Request and the Entry of Default on Defendant. ECF 41, 45.

On June 11, 2025, Plaintiff filed its initial Application for Default Judgment. ECF 47. The initial Application was stricken because it was missing hearing information. ECF 50. On June 16, 2025, Plaintiff filed a second Application for Default Judgment. On August 6, 2025, the Court denied the Application without prejudice, determining that Plaintiff's Application did not comply with the requirements set forth in Local Rules 7-4, 7-5, and 55-1. ECF 55.

Plaintiff filed the instant Motion on September 9, 2025. ECF 56.

---

[2] Plaintiff later stipulated to dismiss Garnishee Oversea-Chinese. ECF 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08006-MRA-SK | Date | October 22, 2025 |
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

## II. DISCUSSION

The Clerk must enter default when a defendant "fail[s] to plead or otherwise defend" against an action, "and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After securing the Clerk's entry of default, when the plaintiff's claim is not for a sum certain, "the [plaintiff] must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). The entry of default judgment is committed to the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[D]efault judgments are ordinarily disfavored," and "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). The Local Rules require that the application for default judgment be accompanied by a declaration in compliance with Rule 55(b) that includes the following information:

> (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by [Rule] 55(b)(2).

L.R. 55-1.

In cases where a defendant's property is attached under Supplemental Rule B, no default judgment may be entered in the action except upon proof that:

> (a) the complaint, summons, *and process of attachment or garnishment* have been served on the defendant in a manner authorized by Rule 4;
>
> (b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or
>
> (c) the plaintiff or the garnishee has tried diligently to give the notice of the action to the defendant but could not do so.

Supplemental Rule B(2) (emphasis added).

The Court previously determined that Plaintiff's service of the Summons and Verified Complaint satisfied Federal Rule of Civil Procedure 4(f) and (h). ECF 43. There is no evidence in the record, however, that Plaintiff has served the process of maritime attachment and garnishment issued by this Court (ECF 26) on Delta in accordance with Rule 4. Absent such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08006-MRA-SK | Date | October 22, 2025 |
| Title | *NYK Bulk & Projects Carriers Ltd. v. Delta Corp Shipping PTE Ltd, et al.* | | |

proof, Supplemental Rule B prohibits this Court from entering default judgment.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Default Judgment is **DENIED without prejudice**. The Court further **ORDERS** as follows:

1. Plaintiff shall renew its Motion within **14 days** of the date of this Order.

2. The Motion shall be accompanied by proof that the process of maritime attachment and garnishment issued by this Court was served on Delta in accordance with Federal Rule of Civil Procedure 4, or that Plaintiff otherwise satisfies Supplemental Rule B(2).

3. Plaintiff shall file proof of service of the renewed Motion on Defendant within **10 days** of filing the Motion.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku